Citation Nr: 1808261 
Decision Date: 02/08/18 Archive Date: 02/20/18

DOCKET NO. 10-24 628 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


INTRODUCTION

The Veteran served on active duty from August 1973 to September 1975 and from April 1981 to June 1995.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a September 2008 rating decision by the Department of Veterans Affairs (VA) Regional Offices (RO) in San Juan, the Commonwealth of Puerto Rico.

This claim was previously before the Board in November 2013, when it was remanded for further development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). 
REMAND

The issue of entitlement to TDIU is inextricably intertwined with the reduction issue currently pending at the AOJ. In a March 2017 proposed rating, the AOJ proposed to reduce the disability rating assigned to the service-connected back disorder from 40 percent to 20 percent. In March 2017 correspondence, the Veteran disagreed with the proposed reduction. The Veteran has requested a hearing as to the reduction issue (see March 2017 statement) and then withdrew the hearing request (see July 2017 statement). The AOJ has not yet issued a final rating on the proposed reduction.

The TDIU issue is intertwined with the reduction issue because the TDIU claim arose from the increased rating for a back disorder claim, and the Veteran asserts that he is unemployable due to the back disorder. Thus, the Board finds that adjudication of the TDIU claim must be deferred pending resolution of the reduction claim. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (the adjudication of claims that are inextricably intertwined is based upon the recognition that claims related to each other should not be subject to piecemeal decision-making or appellate litigation).

Accordingly, the case is REMANDED for the following action:

Upon resolution of the back disability rating reduction claim, readjudicate the issue of entitlement to a TDIU. If the benefit sought on appeal (the TDIU claim) remains denied, provide a Supplemental Statement of the Case to the Veteran and his representative, and allow them an appropriate period of time in which to respond. Then, return the appeal to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).





_________________________________________________
YVETTE R. WHITE 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (West 2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).


ATTORNEY FOR THE BOARD A. Lech, Counsel 

Copy mailed to: Puerto Rico Public Advocate for Veterans Affairs